UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                Case No. 2005-CR80187

ALEXSANDR MAKSIMENKO,           HON. VICTORIA A. ROBERTS

    Defendant.

_____/

GARY R. BLUMBERG – ATTORNEY AT LAW
30665 Northwestern Hwy., Ste. 200, Farmington Hills, MI 48334
(248) 254-3401

**JOINT MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS OBTAINED IN THE INVESTIGATION AND PROSECTION IN THE ABOVE CAPTIONED CAUSE THAT WAS COLLECTED BY THE F.B.I., IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY ("ICE"), THE U.S. ATTORNEYS OFFICE OR OTHER INVESTIGATING POLICE AGENCIES**

NOW COMES, JULIA MIROSKO ("MIROSHKO") and MARK SESI and BFC MANAGEMENT COMPANY, d/b/a CHEETAHS, (collectively "CHEETAHS") by and through their respective counsel, Gary R. Blumberg, Esq. and Mark A. Hypnar, Esq. and for their joint motion state as follows:

1.      There is currently pending a civil action brought by MIROSHKO against CHEETAHS in the Wayne County Circuit Court, Case No. 07-705590-NO, before the Hon. Daphne Means Curtis which is tentatively set for trial in November of 2009.

2.      The civil action by MIROSHKO against CHEETAHS alleges, in part, that CHEETAHS conspired, and aided and/or abetted, with one or more of the defendants prosecuted in this action; to wit: ALEXSANDR MAKSIMENKO and/or MICHAIL ARONOV, and as a result of this alleged conspiracy she was "forced to dance as an exotic dancer" at

CHEEETAHS during the period of approximately May 2004 – February 2005 before she "escaped" and reported her situation to the Immigration and Customs Enforcement Agency ("ICE") in Detroit Michigan in February of 2005. ICE is a component of the United States Department of Homeland Security ("DHS").

3.      MIROSHKO further alleges, in part, that as a result of said conspiracy she was subjected to physical and sexual abuse and threats and had her earnings as an exotic dancer confiscated.

4.      MIROSHKO further alleges, in part, that as a result of said conspiracy she had her passport, birth certificate and "dancers card" and other identification confiscated.

5.      MIROSHKO has testified in a deposition, taken in the civil action she instituted in the Wayne Circuit Court, that she has had numerous statements taken of her in connection with said criminal prosecution, which she estimated to be at least twenty statements over time, and has heard a taped conversation that was played to her from an audio tape that was found secreted in the ceiling tile of the criminal defendant's home in Livonia. Said audio tape was confiscated as evidence in the underlying criminal case pursuant to a search warrant that was executed by one of the investigating police or governmental agencies

6.      A review of the pleading in the criminal case also reflects that there were interviews, statements and/or recordings taken of employees, agents, owners, and/or supervisors of CHEETAHS, during the criminal investigation, that may have been part of the Grand Jury investigation in this matter.

7.      The information sought is both Grand Jury and non-Grand Jury investigative information.

8.     As to the Grand Jury investigative materials, Rule 6(e)(3)(E)(i),provides that "The court may authorize disclosure-at a time, in a manner, and subject to any other conditions that it directs-of a grand jury matter-(i)preliminary to or in connection with a judicial proceeding." These documents and things described herein are relevant, material and essential for adequate trial preparation in the civil action that is pending.

9.     As to the non-Grand Jury investigative materials, such as the reports, interviews, tapes, and other investigative materials, which are in the possession of the U.S. Immigration and Customs Enforcement ("ICE"), disclosure of such materials is governed by 6 C.F.R. sec. 5.41-5.49.

10.     Pursuant to the "Touhy" regulations, 6 CFR sections 5.41-5.49, this joint motion is being filed as the entities in possession of said materials, i.e. the FBI, ICE and the US Attorney's Office and any other law enforcement agencies involved in this prosecution and investigation are non parties and possess non grand jury investigative information.

11.     The documents and things requested are essential for a fair trial to be held in the civil action and to guarantee the parties constitutional rights and protections.

12.     Moreover, a particularized need for such documents and things exists because:

a.     their production will avoid possible injustice to the parties;

b.     the request for documents and things is limited in scope;

c.     the documents and things are needed to refresh the recollection of witnesses and the parties and/or for impeachment purposes and/or to assess the witnesses' credibility;

d.     there is no ability to obtain the information sought by any other means;

GARY R. BLUMBERG – ATTORNEY AT LAW
30665 Northwestern Hwy., Ste. 200, Farmington Hills, MI 48334
(248) 254-3401

e.     the ends of justice would be served by producing said documents and things because the criminal prosecution has been concluded and the traditional need for secrecy, at least as to the Grand Jury information sought, has been militated by the fact that its investigation has been concluded.

WHEREFORE, counsel for the petitioning parties jointly request an Order directing the FBI, ICE, other law enforcement agencies, and the US Attorney's Office produce for inspection and copying the following documents and things:

1.     Any and all written and/or typed statements, interviews, recordings, summaries of interviews, or memoranda of interviews of Julia Miroshko a/k/a CW 2 that are in their possession, custody or control that were taken in connection with the investigation and prosecution of the above captioned cause; the parties are unable to provide more specific information as to the dates and times of these statements or interviews because that information is not known.

2.     Any and all written and/or typed statements, interviews, recordings, summaries of interviews, or memoranda of interviews of Anna Sharko a/k/a CW 1 that are in their possession, custody or control that were taken in connection with the investigation and prosecution of the above captioned cause; the parties are unable to provide more specific information as to the dates and times of these statements or interviews because that information is not known.

3.     Any and all written and/or typed statements, interviews, recordings, summaries of interviews, or memoranda of interviews of any of the employees, agents, supervisors and/or owners of CHEETAHS; the parties are unable to provide more specific

GARY R. BLUMBERG – ATTORNEY AT LAW
30665 Northwestern Hwy., Ste. 200, Farmington Hills, MI 48334
(248) 254-3401

information as to the dates and times of these statements or interviews because that information is not known.

4.      Any and all written and/or typed statements, interviews, recordings, summaries of interviews, or memoranda of interviews of Julia Miroshko a/k/a CW 2 taken in connection with the Grand Jury Investigation into this criminal matter; the parties are unable to provide more specific information as to the dates and times of these statements or interviews because that information is not known.

5.      Any and all written and/or typed statements, interviews, recordings, summaries of interviews, or memoranda of interviews of Anna Sharko a/k/a CW 1 taken in connection with the Grand Jury Investigation into this criminal matter; the parties are unable to provide more specific information as to the dates and times of these statements or interviews because that information is not known.

6.      Any and all written and/or typed statements, interviews, recordings, summaries of interviews, or memoranda of interviews of any of the employees, agents, supervisors and/or owners of CHEETAHS taken in connection with the Grand Jury Investigation into this criminal matter; the parties are unable to provide more specific information as to the dates and times of these statements or interviews because that information is not known.

7.      Copies of any tapes and any transcriptions thereof that were seized, confiscated or otherwise obtained pursuant to the execution of search warrant(s) of the home/residence of Aleksandr Maksimenko and/or Michail Aronov, including, but not limited to, the audio tapes hidden in the ceiling tiles of their residence which purport to be conversations between Maksimenko and the owner of a local strip club;

GARY R. BLUMBERG – ATTORNEY AT LAW
30665 Northwestern Hwy., Ste. 200, Farmington Hills, MI 48334
(248) 254-3401

- 5 -

8.      A copy of the application for cabaret license for MIROSHKO, her dance card and/or her cabaret license;

9.      A copy of MIROSHKO's passport;

10.     A copy of MIROSHKO's birth certificate;

11.     A copy of MIROSHKO's driver's license and/or identification card;

12.     Any documents and things that related to the indictment and/or prosecution of CHEETAH's or any of its employees, agents, supervisors and/or owners in the above described criminal prosecution and/or conspiracy.

## BRIEF IN SUPPORT OF MOTION

**A.      Grand Jury Investigative materials:**

The Grand Jury investigative materials sought in this case consist of the following materials:

- Written or typed statements, interviews, recordings or testimony of Julia Miroshko ("JM") also known as Confidential Witness 2 (CW 2);

- Written or typed statements, interviews, recordings or testimony of Anna Sharko ("AS"), also known as "CW 1".

- Written or typed statements, interviews, recordings or testimony of any of the employees, agents, supervisors and/owners of Cheetahs.

As to such materials, it is well settled that disclosure of grand jury materials, under Rule 6(e)(3)(E)(i), may be permitted only when the requesting party has demonstrated a "particularized need." This standard, as defined in <u>Douglas Oil v Petrol Stops NW</u>, 441 U.S. 211 (1979), provides that the movant must demonstrate that the materials sought is:

"needed to avoid a possible injustice to another judicial proceeding, that the need for disclosure is greater that the need for continued

- 6 -

secrecy, and that (the) request is structured to cover only material
so needed."

Moreover, it is well settled that disclosure of such materials is permitted to refresh the
recollection of a witness, for purposes of impeachment or testing the credibility of witnesses
at trial. United states v Procter & Gamble, 356 US 677 (11958); In Re: Grand Jury Matter,
(Catania) 682 F2nd 61 (3rd Cir, 1982); Petrol Stops NW v United States, 571 F2d 1127 (9th
Cir, 1978).

In determining whether disclosure is permitted under Rule 6(e)(3)(E)(i), the court
must balance the particularized need of the party seeking disclosure against the continuing
need for secrecy.  As the need for secrecy decreases, the burden of demonstrating need for
the materials is reduced. Douglas Oil v Petrol Stops NW, 441 US 211 (1979); Dennis v
United States, 384 US 855 (1966).

When an investigation has been completed, some of the reasons for secrecy no
longer exist and disclosure is more likely to be ordered. Dennis v United States, 384 US 855
(1966); United States v Socony–Vacuum Oil, 310 US 1590 (1940).

**B. Non-Grand Jury Investigative Materials:**

The non-Grand Jury investigative materials sought in this case consist of the
following:

- Any and all written and/or typed statements, interviews, recordings, summaries of interviews, or memoranda of interviews of Julia Miroshko a/k/a CW 2 that are in their possession, custody or control that were taken in connection with the investigation and prosecution of the above captioned cause;

- Any and all written and/or typed statements, interviews, recordings, summaries of interviews, or memoranda of interviews of Anna Sharko

GARY R. BLUMBERG – ATTORNEY AT LAW
30665 Northwestern Hwy., Ste. 200, Farmington Hills, MI 48334
(248) 254-3401

- 7 -

a/k/a CW 1 that are in their possession, custody or control that were taken in connection with the investigation and prosecution of the above captioned cause;

- Any and all written and/or typed statements, interviews, recordings, summaries of interviews, or memoranda of interviews of any of the employees, agents, supervisors and/or owners of CHEETAHS;

- Copies of any tapes and any transcriptions thereof that were seized, confiscated or otherwise obtained pursuant to the execution of search warrant(s) of the home/residence of Aleksandr Maksimenko and/or Michail Aronov, including, but not limited to, the audio tapes hidden in the ceiling tiles of their residence which purport to be conversations between Maksimenko and the owner of a local strip club;

- A copy of the application for cabaret license for MIROSHKO, her dance card and/or her cabaret license;

- A copy of MIROSHKO's passport;

- A copy of MIROSHKO's birth certificate;

- A copy of MIROSHKO's driver's license and/or identification card;

- Any documents and things that related to the indictment and/or prosecution of CHEETAH's or any of its employees, agents, supervisors and/or owners in the above described criminal prosecution and/or conspiracy.

6 CFR §5.41-5.49 provides in relevant part:

"No employee, or former employee, shall, in response to a demand or request, including in connection with any litigation, produce any document or material acquired as part of the performance of that employee's duties or by virtue of that employee's official status, unless authorized to do so by the Office of the General Counsel or the delegates thereof, as appropriate."

GARY R. BLUMBERG – ATTORNEY AT LAW
30665 Northwestern Hwy., Ste. 200, Farmington Hills, MI 48334
(248) 254-3401

## Conclusion

For all of the foregoing reasons, the parties to the civil case, jointly, request that this motion be granted in its entirety for the reasons stated.

## PROOF OF SERVICE

I certify that on June 15, 2010, a copy of the foregoing was hand delivered to the Court and served on all counsel of record via first class mail.

GARY R. BLUMBERG (P29820)
Attorney for MIROSHKO
30665 Northwestern Hwy., Ste. 200
Farmington Hills, MI  48334
248/254-3401

MARK A. HYPNAR (P32026)
Attorney for CHEETAHS
P.O. Box 512
Bloomfield Hills, MI  48303-0512
248/214-6644

GARY R. BLUMBERG – ATTORNEY AT LAW
30665 Northwestern Hwy., Ste. 200, Farmington Hills, MI 48334
(248) 254-3401

- 9 -